IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KHALEAH WHITEHEAD, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| THE CITY OF PHILADELPHIA, et. al., | : | No. 13-2167 |
| | : | |
| | : | |
| Defendants. | : | |

### MEMORANDUM OPINION

**Timothy R. Rice**                                                                                                   **February 19, 2014**
**U.S. Magistrate Judge**

      Plaintiff Khaleah Whitehead alleges, among other claims, that the Defendant City of Philadelphia ("the City") violated her rights under 42 U.S.C. § 1983 and failed to investigate, train, supervise, and/or discipline its police officers by "adopting a policy of failing to disclose the identity of all police witness [sic] to an incident." Complaint (doc. 1) at ¶ 36. The City seeks summary judgment on this claim, arguing that Whitehead has failed to properly plead and/or produce any evidence of the required elements of her claim, including any failure to train, any policy or custom showing deliberate indifference, and/or any constitutional harm caused by any alleged policy or custom. Philadelphia's Motion ("Mot.") (doc. 12) at 8-11; see Monell v. N.Y.C. Dept. of Soc. Serv., 436 U.S. 658 (1978).

      I grant the City's motion. Whitehead has failed to raise any genuine issues of material fact concerning whether a municipal policy or custom violated her constitutional rights. She has also failed to explain how the policy at issue caused any violation of her constitutional rights. The named police officer defendants admitted that they responded to the incident in which Whitehead was allegedly injured. Thus, the remaining issues for trial are only whether the force

those police officers used (1) was excessive under the Fourth and Fourteenth amendments; (2) constituted false arrest and/or imprisonment under state and federal law; and (3) amounted to assault and/or battery. See Complaint ¶¶ 18-31.

## I. Legal Standard

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." Id.

Where there is only one reasonable conclusion from the record regarding the potential verdict under the governing law, summary judgment must be awarded to the moving party. See id. at 250. "If reasonable minds could differ as to the import of the evidence, however, a verdict should not be directed." Id. at 250-51. I must view the facts and any inferences from those facts in the light most favorable to the non-moving party. See Ray v. Warren, 626 F.3d 170, 173 (3d Cir. 2010).

## II. Discussion

### A. No constitutional injury

Whitehead argues that she has failed to identify witnesses and additional defendants to her claim because the City has "formally adopted an official policy to enforce a code of silence or 'blue code.'" Response (doc. 13) at 2. According to Whitehead, this policy "prohibits Officers from intervening or providing truthful information against constitutional violations and other unlawful misconduct committed by their fellow Officers." Id. Pursuant to the Policy, Memorandum 09-01, adopted in January 2009, platoon commanders must "review and initial all

arrest and investigate reports," and "ensure that only those officers/investigators who are necessary for the successful outcome of the case are listed."  Id.  An additional Standard Operating Procedure ("SOP") clarifies that the Policy's purpose is to ensure that "only those officers necessary for the prosecution will be subpoenaed to court."  Id. at 3.

Viewing the facts in the light most favorable to Whitehead, she fails to identify a constitutional right that the Policy violates.  There is no constitutional right to a police investigation.  Town of Castle Rock, Colo. v. Gonzales, 545 U.S. 748, 768 (2005) ("the benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause.").  Even a negligent police investigation, which Whitehead has not alleged, cannot serve as the basis for a constitutional claim.  Orsatti v. New Jersey State Police, 71 F.3d 480, 484 (3d Cir. 1995) ("whether the officers conducted the investigation negligently is not a material fact" in determining whether a constitutional violation occurred).

      B.        <u>Failure to Plead a Theory of Liability</u>

Whitehead has set forth a <u>Monell</u> claim alleging only a failure to investigate, train, supervise, and/or discipline Philadelphia police officers.  Complaint at ¶¶ 32-38.  The Policy and SOP, however, do not govern investigating, training, supervising and/or disciplining.  Response, Exs. A and B.[1]  Instead, the City's Motion identifies the Police Department's actual policy regarding proper use of force, Police Department Directive 22.  Mot. at 8-9.  Whitehead has offered no evidence on the adoption or enforcement of Directive 22.  Id.; see, generally, Response.

---

[1] Both the Policy and the SOP address management of police officer overtime, and include a number of measures to reduce the number of officers subject to time-consuming court subpoenas.

Whitehead's Monell claim fails to allege any "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton, Ohio v. Harris, 489 U.S. 378, 385 (1989). She has pled no causal link between the Policy and/or SOP and her alleged injuries, and failed to show a causal link with any other policy, including Directive 22.

Whitehead has further failed to identify any material disputed fact regarding the City's alleged failure to investigate, train, supervise, and/or discipline its police officers. Defendant Police Officers Pownall and Smith have both admitted that they were the police officers who responded to the dispute between Plaintiff and her neighbor. Reply at 1. Plaintiff has not alleged otherwise. See, generally, Response. Thus, there are no disputed material facts that preclude summary judgment.

An appropriate Order follows.